UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

In re ) Case No. _____
)
) NOTICE OF MOTION FOR RELIEF
) FROM (Check all that apply):
) AUTOMATIC STAY IN A **CHAPTER 7/13** CASE
Debtor(s) ) CHAPTER **13** CODEBTOR STAY

I. YOU ARE NOTIFIED that a Motion was filed by _____, the moving party, for (Check all that apply):

    ☐ Relief from the automatic stay protecting the debtor(s) and debtor's property, as provided by 11 USC §362.

    ☐ Relief from the stay protecting the codebtor, whose name and service address are: _____
    _____,
    and codebtor's property as provided by 11 USC §1301.

II. A copy of the Motion is attached. The name and service address of the moving party's attorney (or moving party, if no attorney) are:_____
_____

III. If you wish to resist the Motion, you must, within 14 days of the service date shown below, file the following with the Clerk of the U.S. Bankruptcy Court [NOTE: if you mail or have a courier deliver the Response to the Court for filing, you must mail it or initiate the delivery sufficiently before the deadline so that it will actually be received at the Court on time.]

    A. A written response that states the facts supporting the opposition to the Motion by filling in the applicable "Response" portions on a copy of the original Motion. [NOTE: If the Response will be electronically filed, the Response must be prepared using the "fillable" pdf version of the original Motion unless the Motion was filed on paper and could not be electronically obtained from the movant];

And   B. A fully completed Notice of Hearing using Local Form #721, including the date and time of the hearing. Available hearing dates and times are posted on the Court's website at www.orb.uscourts.gov under the "Hearings" heading. If you do not have internet access, please call the Court at (503) 326-1500 or (541) 431-4000 and press "0" to obtain the required forms and hearing information from a Court clerk.

IV. <u>Failure to Respond and Serve Proper Notice of Hearing</u>. If you fail to file a timely response and a proper Notice of Hearing, then either:

    A. The automatic stay will expire as to the debtor(s) pursuant to 11 USC §362(e) 30 days after the Motion was originally filed, and/or the stay protecting the codebtor will automatically expire pursuant to 11 USC §1301(d) 20 days after the date the Motion was originally filed;

Or   B. The Court may sign an ex parte order, submitted by the moving party on Local Form #720.90, granting relief from the debtor stay and/or codebtor stay.

                                  Clerk, U.S. Bankruptcy Court
                                  [NOTE: If the 5-digit portion of the Case No. begins with "3" or "4", mail to 1001 SW 5th Ave. #700, Portland OR 97204; <u>OR</u> if it begins with "6" or "7", mail to 405 E 8th Ave #2600, Eugene OR 97401.]

I certify that: (1) The Motion was prepared using the Court's "fillable" PDF version of Local Form #720.80; and (2) that on _____ I served copies of this Notice and the Motion on the Debtor(s), any codebtor at the address listed above, Trustee, U.S. Trustee, members of any committee elected pursuant to 11 USC §705, and their respective attorneys.

                                  _____
                                  Signature of Moving Party or Attorney     **(OSB#)**

720 (12/1/13)

Case 15-64064-tmr13    Doc 44    Filed 11/03/16

UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

In re ) Case No._____
)
) (CHECK ALL APPLICABLE BOXES)
) Ch. 7/13 Motion for Relief from
) ☐ DEBTOR ☐ Chapter **13** CODEBTOR Stay
) Filed by Creditor:
) _____
) *Response to Stay Motion filed by Respondent:*
Debtor(s) ) _____

1. **Debt, Default, Other Encumbrances, Description and Value of Collateral** *(To be completed by creditor)*

    a. Description of collateral (car model, year, VIN, property address):

    b. Amount of debt: $_____ consisting of principal: $_____; interest: $_____; other:

    c. Description, amount and priority of other encumbrances on collateral. If not known, include applicable information from debtor's schedules if available on PACER:

       Total debt secured by collateral (total 1.b. + 1.c.): $_____.

    d. Value of collateral: $_____.
       Equity in collateral: $_____, after deducting $_____ liquidation costs.

    e. Current monthly payment: $_____.

    f. If Chapter 13:

       (1) $_____ postpetition default consisting of (e.g., $____ payments, $____ late charges, $____ fees):

       (2) $_____ prepetition default consisting of ☐ amounts specified in proof of claim, or, ☐ consisting of:

    g. If Chapter 7, total amount of default $_____.

*RESPONSE (Identify specific items disputed and specify what you contend are the pertinent facts including why there is a postpetition default, if applicable) (to be completed by respondent):*

2. **Relief from stay should be granted because (check all that apply):** *(To be completed by creditor)*
   ☐ Lack of adequate protection because of failure to make sufficient adequate protection payments and lack of a sufficient equity cushion.
   ☐ Lack of insurance on collateral.
   ☐ No equity in the collateral and the property is not necessary for an effective reorganization.
   ☐ Failure of debtor to make Chapter 13 plan payments.
   ☐ Failure of debtor to make payments to secured creditor required by ¶4 of Chapter 13 plan.
   ☐ Other (describe):

*RESPONSE (Specify why relief from stay should be denied. If respondent proposes to cure a postpetition default, detail the cure by attaching a proposed order using Local Form (LBF) #720.90 available at www.orb.uscourts.gov under Forms/Local Forms) (to be completed by respondent):*

3. **Background** *(To be completed by creditor)*

   a. Date petition filed: _____   Current Chapter: _____ (7 or 13)
      If 13, current plan date _____ Confirmed:   Yes    No
      If 13, treatment of creditor's prepetition claim(s) in plan:

      If 7, debtor ☐ has ☐ has not stated on Local Form (LBF) #521 or #521.05 that debtor intends to surrender the collateral.

   b. Creditor has a lien on the collateral by virtue of (check all applicable sections and also see ¶6 below):
      ☐ Security agreement, trust deed or land sale contract dated _____, and, if applicable, an assignment of said interest to creditor. The security interest was perfected as required by applicable law on _____.
      ☐ Retail installment contract dated _____, and, if applicable, an assignment of said interest to creditor. The security interest was perfected on the certificate of title on _____.
      ☐ Other (describe):

*RESPONSE (Identify any disputed items and specify the pertinent facts) (to be completed by respondent):*

4. **Request for Relief from Codebtor Stay** (Only Chapter **13**)

   a. _____, whose address is _____
      _____, is a codebtor on the obligation described above, but is not a debtor in this bankruptcy.

   b. Creditor should be granted relief from the codebtor stay because (check all applicable boxes):   ☐ codebtor received the consideration for the claim held by creditor,   ☐ debtor's plan does not propose to pay creditor's claim in full,   ☐ creditor's interest would be irreparably harmed by continuation of the codebtor stay as a result of the default(s) described above and/or ☐ because:

*RESPONSE (Identify any disputed items and specify the pertinent facts) (to be completed by respondent):*

5. **Other Pertinent Information** *(To be completed by creditor, if applicable):*

*RESPONSE (Identify any disputed items and specify the pertinent facts) (to be completed by respondent):*

6. **Relief Requested (check all applicable sections):** *(To be completed by creditor)*

   Creditor requests relief from the automatic stay to allow it to foreclose its lien on the above identified collateral, and, if necessary, to take appropriate action to obtain possession of the collateral.

   Creditor has a security interest in real property and requests relief from stay with respect to an act against such property and that the relief be binding in any other bankruptcy case purporting to affect such real property filed not later than 2 years after the date of the entry of an order granting this motion. (*If you check this box, you must complete ¶5 above to support this request. If you do not do so, the Court will not grant relief binding in any other bankruptcy case.*)

   Creditor requests that the 14-day stay provided by FRBP 4001(a)(3) be waived based on the following cause:

   Other (describe and explain cause):

*RESPONSE (Identify any disputed items and specify the pertinent facts. If respondent agrees to some relief, attach a proposed order using Local Form (LBF) #720.90 available at www.orb.uscourts.gov under Forms/Local Forms) (to be completed by respondent):*

7. **Documents:**

   **If creditor claims to be secured in ¶3.b. above** creditor has attached to and filed with this motion a copy of the documents creating and perfecting the security interest, if not previously attached to a proof of claim.

   **If this case is a Chapter 13 case and the collateral as to which creditor seeks stay relief is real property**, creditor has attached to and filed with this motion a postpetition payment history current to a date not more than 30 days before this motion is filed, showing for each payment the amount due, the date the payment was received, the amount of the payment, and how creditor applied the payment.

**RESPONDENT requests creditor provide** Respondent with the following document(s), if any marked, which are pertinent to this response:

   Postpetition payment history if not required above.
   Documents establishing that creditor owns the debt described in ¶1 or is otherwise a proper party to bring this motion.
   Other document(s) (specific description):

CREDITOR/ATTORNEY

Signature:_____
Name:_____
Address:_____
_____
Email Address:_____
Phone No:_____
OSB#:_____

RESPONDENT **DEBTOR**/ATTORNEY *(by signing, the respondent also certifies that [s]he has not altered the information completed by creditor)*

Signature:_____
Name:_____
Address:_____
_____
Email Address:_____
Phone No:_____
OSB#:_____

RESPONDENT **CODEBTOR**/ATTORNEY *(by signing, the respondent also certifies that [s]he has not altered the information completed by creditor)*

Signature:_____
Name:_____
Address:_____
_____
Email Address:_____
Phone No:_____
OSB#:_____

*YOU ARE HEREBY NOTIFIED THAT THE CREDITOR IS ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.*

720.80 (12/1/14)          Page 4 of 4

# RETAIL INSTALLMENT CONTRACT

| Dealer Number | Contract Number | Date |
|---|---|---|
| 3095 | 0M309437 | 01-NOV-2014 |

**Buyer (and Co-Buyer) Name and Address (include County and Zip Code)**
META ANN BYBEE
1653 OLYMPIA COURT NW
SALEM OR 97304

**Creditor/Seller - Name and Address**
VOLKSWAGEN OF SALEM
745 LIBERTY ST NE
SALEM, OR 97301

By signing this contract, I am buying the Property described below from you, the Creditor/Seller indicated above, and I agree to the terms stated on the front and back of this contract, including those stated in the Federal Truth-In-Lending Disclosures.
**Security Interest.** By signing this contract, I grant to you a security interest in the "Property", which is the vehicle described below and all presently owned and after-acquired accessions now or later attached to it, and to any proceeds. The insurance premiums financed by this contract, if refunded, will be used to reduce any amounts owed under this contract.
If the Property is a used vehicle: The information I see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale. [La información que aparece en la ventanilla de este vehículo forma parte de este contrato. La información contenida en el formulario de la ventanilla anula cualquier previsión que establezca lo contrario y que aparezca en el contrato de venta.]

| Model Yr. | Make & Model | Body Type | Color | Odometer | Vehicle Identification No. | St. & Lic. No. | New/Used | No. Cyls. |
|---|---|---|---|---|---|---|---|---|
| 2013 | VW JETT | 4D | SILVER | 5402 | 3VWDP7AJ8DM309437 | GSM495 | USED | 5 |

Describe body and major items of equipment sold:
Use for which purchased: ☒ Personal ☐ Commercial ☐ Agricultural

☐ Auto Trans. ☐ Pwr. Steer ☐ Air Cond. ☐ AM/FM Stereo ☐ Cassette ☐ Compact Disc ☐ Pwr. Windows ☐ Pwr. Locks ☐ Pwr. Seats ☐ Tilt Wheel ☐ Cruise

**Insurance and Protection.** If any insurance or protection is checked below, the policies or certificates issued by the Companies named will describe the terms and conditions.
**Optional Insurance.** Credit life insurance, credit disability insurance and other optional insurance are not required to obtain credit and will not be provided unless I sign for them and agree to pay the additional cost. If I have chosen this insurance, the cost is shown in 4a of the itemization below. Credit life insurance is based upon the payment schedule and the term of this contract. This insurance may not pay all I owe on this contract if I make late payments. Disability insurance covers the original payment amount for the term of this contract. If I make late payments, disability insurance will not pay all of my payments. The amount and coverages are shown in a notice or agreement given on this date.

☐ Credit Life (Buyer ☐ Co-Buyer ☐ Both ☐) Insurer N/A Insured(s) N/A
☐ Credit Disability, Accident and Health (Buyer only) Insurer N/A Insured N/A
☐ (Type of Other Insurance) N/A Insurer N/A Insured N/A Term N/A

Under policy of designated Insurance Company(ies), maximum amount of insurance under this contract is $ N/A and the total amount of insurance under this and any other installment contract of the Buyer is limited to $ N/A.

I want the insurance coverage(s) checked above, and I know that it is not required to obtain credit.

Buyer Signature ____ Date 11/01/2014 Co-Buyer Signature ____ Date 11/01/2014

**Required Physical Damage Insurance.** Physical damage insurance is required, but I may obtain it from anyone I choose. If purchased through you from the Insurance Company named below, the cost of this insurance, for the term shown immediately below, is shown in 4b of the itemization below.

Insurance Company N/A Term N/A months
☐ $ N/A Deductible Collision and either:
☐ Full Comprehensive including Fire, Theft and Combined Additional Coverage
☐ $ N/A Deductible Comprehensive including Fire, Theft and Combined Additional Coverage
☐ Fire, Theft and Combined Additional Coverage
Optional, if desired - ☐ Towing and Labor costs ☐ Rental Reimbursement ☐ CB Radio Equipment

**Optional Service Contract.** The cost of this contract is shown in 4c of the itemization below.
Term: 5 $ 250.00 Deductible
Company JH&A

**Optional Mechanical Breakdown Protection.** The cost of this protection is shown in 4d of the itemization below.
Company N/A Term N/A $ N/A Deductible

**Warning:** The insurance or protection referred to in this contract does not include coverage for public liability, bodily injury, or property damage (other than the vehicle noted above) caused to Buyer or others.

## ITEMIZATION OF AMOUNT FINANCED

1. Cash Sale Price (including any accessories) .............................................................. $ 15500.00 (1)
2. Downpayment: (if 2d is negative do not include 2d in Total Downpayment computation, then add the amount due back at line 4j)
   a. Cash Downpayment ........................................................................................... $ 7600.00
   b. Manufacturer's Rebate (if applicable) ................................................................ $ N/A
   c. Deferred Downpayment (Pickup Pymt), due N/A, on which there's no finance charge, of ... $ N/A
   d. Trade-in: Value $ N/A Less owing $ N/A Net $ 0.00 ........................................ $ N/A
      Description of Trade-in: N/A Lien Payoff To: N/A
   Total Downpayment (a+b+c+d) (also put this figure on the downpayment line in the Total Sale Price box below) (Do not include 2d if negative) .... $ 7600.00 (2)
3. Unpaid Balance of Cash Sale Price ........................................................................ $ 7900.00 (3)
4. Charges other than Finance Charge, Including Amounts Paid to Others on My Behalf. (* Seller may be retaining a portion of this amount)
   a. Cost of Optional Insurance for the Term of this Contract paid to the Insurance Company(ies) named above.*
      Credit Life $ N/A Credit Disability, Accident and Health $ N/A Other $ N/A ..... $ N/A
   b. Cost of required Physical Damage Insurance paid to the Insurance Company named above (covers damage to vehicle) * ... $ N/A
   c. Cost of Optional Service Contract paid to the Company named above (covers certain repairs).* ..... $ 1480.00
   d. Cost of Optional Mechanical Breakdown Protection paid to the Company named above (covers certain repairs). * ... $ N/A
   e. License/Registration Fees paid to government agencies ..................................... $ N/A
   f. Title Fees paid to government agencies ............................................................ $ 77.00
   g. DEQ Certification Fee paid to government agencies .......................................... $ N/A
   h. Title & Registration Processing Fee paid to Seller $ 75.00, Optional Electronic Filing Fee paid to Seller $ N/A .... $ 75.00
   i. Sales Tax / Excise Tax paid to government agencies ......................................... $ N/A
   j. Other Charges (Seller must identify who will receive payment and describe purpose - include negative trade equity here) *
      to N/A for N/A ......... $ 0.00
      to DMS for Lifetime Oil .... $ 799.00
   Total Other Charges and Amounts Paid to Others on My Behalf * ................................ $ 2431.00 (4)
5. Amount Financed Principal Balance (3+4) * (also put this figure in the Amount Financed box below) ....... $ 10331.00 (5)
6. Finance Charge * (also put this figure in the FINANCE CHARGE box below) ................... $ 4066.60 (6)
7. Time Balance (5+6+2c) (also put this figure in the Total of Payments box below) ................ $ 14397.60 (7)
8. Time Sale Price (1+4+6) (also put this figure in the Total Sale Price box below) ................... $ 21997.60 (8)

## FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE The cost of my credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost me. | Amount Financed The amount of credit provided to me or on my behalf. | Total of Payments The amount I will have paid after I have made all payments as scheduled. | Total Sale Price The total cost of my purchase on credit, including my downpayment of $ 7600.00 is |
|---|---|---|---|---|
| 13.70 % | $ 4066.60 E* | $ 10331.00 | $ 14397.60 E* | $ 21997.60 E* |

**My Payment Schedule will be:**

| Number of Payments | Amount of Payments | When Payments are Due | |
|---|---|---|---|
| N/A | N/A | Due On | N/A |
| 59 | 239.96 | Monthly Beginning | 12/16/2014 |
| 1 | 239.96 | Due On | 11/16/2019 |
| N/A | N/A | | N/A |

**Security.** I am giving a security interest in the goods or property being purchased.
**Late Charge.** For each payment that is not paid within 10 days after its scheduled payment date, I will pay a late charge of 5% of the amount that's late.
**Prepayment.** If I pay off early, I will not have to pay a penalty.
**See other contract provisions for any additional information about nonpayment, default and any required repayment in full before the scheduled date.**
* E means estimate.

**Payments and Interest Calculation.** I will pay you the Total of Payments according to "My Payment Schedule" shown above. Any payment listed on the first line of the schedule is a deferred downpayment which does not bear a Finance Charge. The payments listed on the second line are equal consecutive monthly payments which are due on the same day of each month, beginning on the date shown. However, the amount of the last payment will be adjusted to include interest figured on the Principal Balance I owed, for the time I owed it. I will pay you interest on the Principal Balance outstanding each day at the Annual Percentage Rate. The Total of Payments and Finance Charge shown above assume I will pay exactly as agreed. If I pay late or less than the required payment, the Finance Charge is increased. If I pay early or more than the required payment, the Finance Charge is decreased. Payments will first pay interest owing to the date you receive my Payment, then Late Charges, and the remainder will reduce the Principal Balance I owe.

**CONSUMER PAPER**

**NOTICE:** The Creditor/Seller intends to sell this contract to (name and mailing address): EXETER FINANCE CORP
PO BOX 166008 IRVING TX 75016, which if it buys the contract, will become the owner of the contract and your creditor. After the sale of this contract, all questions concerning either terms of the contract or payments should be directed to the buyer of the contract at the address indicated above. If the contract is transferred to a holder other than the one identified in this notice, or retained by the Seller, Seller shall cause notice in writing of the name and address of the actual holder to be delivered to you within 10 days of the decision.
The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain its right to receive a part of the finance charge.

**Sales Transaction Subject to Approval of Financing.** The sale of the vehicle to you is subject to approval of financing. You agree to provide Dealer with all credit and income information reasonably required, and otherwise exert your best efforts, to have the Retail Installment Contract (contract) purchased by a third party. In the event that a third party declines to purchase the contract, Dealer reserves the right to carry the contract in house or to declare the purchase null and void. The Dealer has 14 days from the date the purchaser takes possession of the vehicle to obtain irrevocable acceptance of funding by a third party lender or the Dealer.
Until irrevocable contract acceptance by a third party or the Dealer, you shall have absolutely no right, title and interest in the vehicle. Immediately upon oral or written notice to you that: (a) Dealer has declared the purchase null and void, you shall either: (a) immediately tender in cash or cash equivalent, the unpaid purchase price of the vehicle, or (b) immediately return the vehicle to the Dealer. In the event you return the vehicle to the Dealer, Dealer shall return the trade-in vehicle, if any, and Dealer shall also refund all deposits and/or down payments made by you to Dealer. You shall be responsible for any and all damage occurring to the vehicle while in your possession, and the cost of such repairs may be set off by Dealer against any deposit refund due you. In the event that you fail or refuse to return the vehicle upon Dealer's demand, Dealer shall have the rights of a secured creditor under ORS Chapter 79, including the right to self-help repossession. You shall be responsible for all damages occurring to the vehicle, including excessive wear and tear and/or loss of the vehicle. You may also be charged a reasonable per mile cost for use of the motor vehicle. You acknowledge that Dealer has relied upon the representations made by you in your credit application in allowing you to take possession of the vehicle and in selling the vehicle to you.
**IF A THIRD PARTY OFFERS TO FINANCE THE VEHICLE ON TERMS OR CONDITIONS WHICH ARE DIFFERENT FROM THE TERMS AND CONDITIONS OF THIS CONTRACT, YOU MAY RESCIND THE TRANSACTION AND SHALL NOT BE REQUIRED TO SIGN A NEW CONTRACT UNLESS YOU ELECT TO PROCEED WITH THE SALE.**

## NOTICE TO THE BUYER

Do not sign this contract before you read it or if it contains any blank space, except that (1) if delivery of the motor vehicle or mobile home is to be made to you after this contract is signed, the serial number or other identifying information and the due date of the first installment may be filled in at the time of delivery; and (2) if the name of the financing agency is not known at the time this contract is executed, the name of the financing agency may be inserted in the contract on or about the date the name of the financing agency is known.
You're entitled to a copy of this contract. You have the right to pay in advance the full amount due and if you do so you may save a portion of the finance charge.
The Undersigned acknowledges receipt of a completed copy of this contract and agrees to its terms, including those stated on the back of this contract.

**RETAIL INSTALLMENT CONTRACT**

Buyer Signs _(signature)_
Co-Buyer Signs _____

Other Owners - An Other Owner is a person whose name is on the title to the vehicle but does not have to pay the debt evidenced by this contract. The Other Owner hereby grants a security interest in the "Property" (as defined in this contract) to Creditor to secure payment of all amounts owed, and under to all the terms stated on the front and back of this contract, except that the Other Owner will not be personally liable for amounts owed to Creditor under this contract.

Other Owner signs here VOLKSWAGEN OF SALEM Address ____
Creditor Signs ____ By ____ Title ____

OADA Form 300 (3/12) Simple Interest - OREGON ©Copyright OADA Services, Inc. (2008) All Rights Reserved
ORIGINAL TO BANK
TRUTH-IN-LENDING COPY 1. GIVE TO BUYER PRIOR TO SIGNING. 2. BUYER AND SELLER SIGN THIS COPY AFTER CONTRACT IS SIGNED.

Exhibit A

# OREGON VEHICLE CERTIFICATE OF TITLE

OREGON DRIVER AND MOTOR VEHICLE SERVICES CERTIFIES THE PARTY IS LISTED AS OWNER OF THE DESCRIBED VEHICLE. DOCUMENTS FILED WITH DMV SHOW THE VEHICLE IS SUBJECT TO THE OWNERSHIP INTERESTS SPECIFIED.

CONTROL NUMBER: 6729924

| PLATE NUMBER | TITLE NUMBER | PROCESS DATE | SURVIVOR | REFERENCE NUMBER |
|---|---|---|---|---|
| ▓5GSM | 1432852416 | 112414 | N/N | |

| YEAR | MAKE | STYLE | MODEL | VEHICLE IDENTIFICATION NUMBER | EQUIPMENT NO. |
|---|---|---|---|---|---|
| 2013 | VOLK | 4D | JET | 3VWDP7AJ8DM309437 | |

ODOMETER READING: 5,402
ODOMETER DATE: 11/01/14
ODOMETER MESSAGE:

OWNER/LESSEE:
BYBEE, META A
1653 OLYMPIA CT NW
SALEM OR 97304

## TITLE BRANDS
The title "Brand" printed below indicates the history, condition, or circumstances of the vehicle for which this title has been issued. Please see back of title for more information.

— NONE —

VOID IF ALTERED OR ERASED

USE THIS SECTION WHEN THE ONLY CHANGE IS TO REMOVE A SECURITY INTEREST. FOR ANY OTHER CHANGES, SEE INSTRUCTIONS ON REVERSE.

If there is no change in owners as shown above AND all security interest holders have released interest, one registered owner must sign and date here, if not completing a separate application for title. In addition, if your address has changed, cross out the old address and write the new address and county of residence on the front of the title. Mail the title and the fee to: DMV, 1905 Lana Ave NE, Salem OR 97314.

SIGNATURE (DOES NOT RELEASE INTEREST) | DATE
X

To release interest in the vehicle, complete the reassignment on back of the title.

SECURITY INTEREST HOLDER/LESSOR

EXETER FINANCE CORP
222 WEST LAS COLINAS BLVD STE 180 TX
PO BOX 166008
IRVING TX 75016

SIGNATURE AND COUNTERSIGNATURE OF SECURITY INTEREST HOLDER OR LESSOR RELEASING ALL INTEREST | DATE
X

SIGNATURE AND COUNTERSIGNATURE OF SECURITY INTEREST HOLDER OR LESSOR RELEASING ALL INTEREST | DATE
X

**SEE REVERSE OF TITLE FOR APPLICATION INSTRUCTIONS.**

VOID WITHOUT CHAIN LINK WATERMARK

735-410 (5-08)    495GSM    3VWDP7AJ8DM309437    1432852416    C

Exhibit B

Advertisement

 2013 Volkswagen Jetta  **Style:** 2.5L SE Sedan 4D  Advertisement

Edit Options   Check Specs   Print Report   **Mileage:** 42500   Change

## Your Blue Book® Value

Trade In to a Dealer   Get an Instant Cash Offer   Sell to a Private Party

**Next Steps: Find a Car**
Browse reviews, photos, specs and more.

Make ⌄   Model ⌄

[ See what you should pay ]



**Private Party Value** (Good Condition)
**$10,318**



Fair Condition   Very Good Condition   Excellent Condition

PRIVATE PARTY RANGE — KELLEY BLUE BOOK OFFICIAL GUIDE

ⓘ Important Info & Definitions       Track this car's values

Info valid for your area through 10/27/2016

✎ Write a review on your 2013 Volkswagen

Value based on:

Fair      Good      Very Good      Excellent

**Sell Your Current Car**
Reach millions of buyers on KBB.com and AutoTrader.com      Place an ad

# Exhibit C

Advertisement

## Sellers Tools

**Get an Instant Cash Offer**
Local dealers are ready to buy your current car

Case 15-64064-tmr13   Doc 44   Filed 11/03/16